UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMAICA LATRIN MCDADE, Petitioner | CIVIL ACTION NO. 1:17-CV-770-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Jamaica Latrin McDade ("McDade") (#36188-180). McDade is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. McDade challenges his sentence imposed in the United States District Court for the Western District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

According to the sentencing court:

On September 21, 2006, McDade pleaded guilty to Possession With Intent to Distribute Phencyclidine (PCP) pursuant to 21 U.S.C. § 841(a)(1). (Pre-sentence Report "PSR" at 3). In calculating McDade's sentencing range under the federal sentencing guidelines, the U.S. Probation Officer who prepared the PSR increased McDade's adjusted offense level because McDade qualified as a career offender.

In this case, McDade was at least eighteen years old at the time he committed the offenses charged in the indictment, and Possession with Intent to Distribute PCP constitutes a "controlled substance offense"

> within the meaning of the federal sentencing guidelines. McDade was therefore subject to career offender enhancement if he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. According to the PSR, McDade had two prior felony convictions for delivery of cocaine and was thus subject to enhancement as a career offender pursuant to Section 4B1.1 of the federal sentencing guidelines. (PSR at 7). Based on a total offense level of twenty-nine and a criminal history category of VI, the guidelines range for imprisonment was 151 to 188 months. Id. at 24. Judge Walter Smith, the judge previously assigned to this case, sentenced McDade to a 188-month term of imprisonment, followed by a three-year term of supervised release. (Doc. 42 at 3).

(6:06-cr-0086, W.D. Tex.; Doc. 72). McDade's sentence was affirmed on appeal. United States v. McDade, 242 F. App'x 964, 965 (5th Cir. 2007).

McDade filed a motion to set aside his sentence, arguing that the district court improperly sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1. United States v. McDade, 434 F. App'x 378, 379 (5th Cir. 2011). The district court denied the motion, and McDade's appeal was dismissed as frivolous. Id. The appellate court cautioned McDade "that any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions." Id.

In April, 2016, the sentencing court issued a "Standing Appointment Order," as McDade was identified as a defendant potentially affected by the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). (6:06-cr-0086, W.D. Tex.; Doc. 65). Shortly thereafter, the federal public defender notified the Court that McDade was not eligible for relief under Johnson. (6:06-cr-0086, W.D. Tex.; Doc. 66). The court exempted McDade's criminal case from the standing order. (6:06-cr-0086, W.D. Tex.; Doc. 66).

McDade then filed a motion to vacate under 28 U.S.C. § 2255, arguing his sentence is invalid in light of the Supreme Court's recent decision in Mathis v. United States, 136 S. Ct. 2243 (2016), and the Fifth Circuit's subsequent opinion in Hinkle v. United States, 832 F.3d 569 (5th Cir. 2016). Specifically, McDade argued that his two prior convictions in the state of Texas for delivery of a controlled substance pursuant to §§ 481.002(8) and 481.112(a) of the Texas Health and Safety Code did not constitute predicate offenses under the career-offender guideline provision. (6:06-cr-0086, W.D. Tex.; Doc. 69).

McDade argued that the statute of limitations had not run on his § 2255 claim because the Supreme Court in Mathis had recognized a new right made retroactive to cases on collateral review. (6:06-cr-0086, W.D. Tex.; Doc. 72). The court acknowledged that Mathis did not announce a new rule made retroactive to cases on collateral review. (6:06-cr-0086, W.D. Tex.; Doc. 72). Likewise, the court found Hinkle inapplicable. In Hinkle, the Fifth Circuit applied Mathis on direct appeal, not collateral review. (6:06-cr-0086, W.D. Tex.; Doc. 72). McDade's motion was dismissed as time-barred. (6:06-cr-0086, W.D. Tex.; Doc. 73).

McDade filed the § 2241 petition before this Court, claiming entitlement to relief under Mathis, Hinkle, and Johnson v. United States, 544 U.S. 295 (2005).

II. Law and Analysis

McDade seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452

3

(5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

First, McDade claims he is entitled to proceed under the savings clause based on Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569, 574 (5th Cir. 2016). As in the sentencing court, McDade has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See

4

In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared retroactive by the Supreme Court); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule); Brandon v. Wilson, No. 3:16-CV-142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (Mathis did not announce a new rule and courts applying it have repeatedly agreed); Blackwell v. United States, Case No. 4:10–cr–00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule."). In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Also, as the sentencing court informed McDade, the appellate court in Hinkle applied Mathis on direct appeal, not collateral review. See Hinkle, 832 F.3d at 574-77 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision). Thus, Hinkle does not support McDade's claim.

Finally, McDade argues his case is controlled by Johnson v. United States, 544 U.S. 295 (2005)—not to be confused with the 2015 Johnson case previously

5

mentioned. In the 2005 Johnson case, the Supreme Court explained that "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Johnson, 544 U.S. at 303. The decision in Johnson did not address substantive law regarding determination of guilt or sentencing and did not announce a new rule of constitutional law. See Johnson, 544 U.S. at 311. Moreover, the Supreme Court did not hold that this Johnson applies retroactively to cases on collateral review. Finally, the Johnson case relied on by McDade was decided prior to McDade's conviction and sentence and could have been raised at the time of sentencing, on appeal, or in his § 2255 motion.

### III. Conclusion

Because McDade cannot meet the savings clause, IT IS RECOMMENDED that his § 2241 petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  _7th_  day of August, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge